## Case No. 2,073.

### In re BUCHANAN.

[10 N. B. R. (1874) 97.][1]

Circuit Court, E. D. Michigan.

BANKRUPTCY — DISCONTINUANCE OF INVOLUNTARY PROCEEDINGS—RIGHTS OF INTERVENORS.

1. The A. S. & B. Co. filed its petition against W. to have him adjudged a bankrupt. On the adjourned day of the hearing of the order to show cause, W. put in his answer denying the acts of bankruptcy and demanded a trial by the court. No hearing or trial was had, and no formal adjournment, and on the 4th day of December, 1873, P. W. & Co., another creditor of W., filed a petition claiming the right to intervene under the original petition, whereupon an order to show cause was allowed, and served, but nothing further was done. February 17, 1874, a precipe was filed with the clerk of the court directing him to enter a discontinuance of the original proceedings, but no order of court was entered upon the precipe. On the 20th of March, the original petitioning creditor presented its petition to the court setting forth the above facts, praying leave to dismiss their petition, and that all proceedings thereunder be discontinued; an order to show cause was allowed on this petition. At the hearing the C. B. P. Co., a third creditor of W., on showing to the court that it had filed its petition March 30th, under section 42 of the bankrupt act of 1867 [14 Stat. 537], was allowed to appear and oppose the petition for a discontinuance.

2. It was contended, by counsel for the original petitioning creditor, that proceedings abated for want of an adjournment to a day certain at the time of joining issue; that the proceedings were discontinued by the precipe filed February 17; that the petition of P. W. & Co. and the C. B. P. Co. were of no force as intervening petitions, because not filed on the return or adjourned day within the meaning of section 42 of said act; that the petition of P. W. & Co. is no impediment because they have not appeared to oppose, and that the C. B. P. Co. are not entitled to appear because its intervening petition was not filed until after this proceeding for a discontinuance had been instituted. *Held*, that the want of an adjournment to a day certain does not terminate the proceedings.

3. That proceedings for adjudication of bankruptcy in invitum, can be discontinued only by an order of court on special application.

[Cited in Re Sheffer, Case No. 12,742.]

4. That where the parties appear and join issue and no further proceedings or adjournment is had, the matter is to be considered as pending from day to day until disposed of: hence any other creditor may come in under section 42 of said act upon any such subsequent day, and may prosecute the original petition upon satisfying the court that the original creditor does not intend to prosecute the matter further. A failure to proceed confers upon another creditor the right to intervene equally with a failure to appear.

5. That the pending of the petition for leave to discontinue the proceedings does not deprive the C. B. P. Co. or any other creditor, of the right to intervene, but was notice to it, and all other creditors, that the original petitioning creditor did not intend to proceed further in the matter, and thus conferred upon them the very right which it is claimed they were thereby deprived of.

[In bankruptcy. In the matter of William Buchanan.] On the petition of the American Sheet and Boiler Plate Company, original petitioning creditor, for leave to dismiss its petition and discontinue the proceedings, and the answer and objections of the Cleveland Boiler Plate Company as intervenor under the last clause of section 42 of the bankrupt act. [Leave to dismiss denied.]

H. L. Baker, for original petitioning creditor.

Pond & Brown, for intervenor.

LONGYEAR, District Judge. On the 16th day of October, 1873, the American Sheet and Boiler Plate Company filed its petition against William Buchanan as its debtor to have him adjudicated a bankrupt. The order to show cause issued thereon was made returnable on the 27th day of October, 1873, on which day the petitioning creditor appeared, and there being no proof of the service of the order to show cause on file, the proceedings were adjourned to the 3d day of November following. On that day the parties both appeared and the debtor put in his answer denying the acts of bankruptcy charged in the petition and demanding a trial of the same by the court. No hearing or trial or formal adjournment was had on that day, nor any proceedings whatever until on the 4th day of December, 1873. On that day a petition was filed by Prentiss, Wood & Co., another creditor of Buchanan, claiming the right to intervene under the aforesaid original petition, and an order to show cause was allowed thereon and duly served. Nothing further, however, has ever been done under this last named petition.

On the 17th day of February, 1874, the solicitor for the original petitioning creditor filed with the clerk of the court a precipe directing him to enter a discontinuance of the proceedings. No order of the court was, however, entered upon the precipe, nor was the attention of the court in any manner called to it. On the 20th day of March, 1874, however, the said original petitioning creditor presented its petition to the court, setting forth substantially the foregoing facts, and praying leave to dismiss their petition, and that all proceedings thereunder be discontinued. An order to show cause was allowed on this petition and duly served. On the 6th day of April, 1874, the matter came on for hearing upon the last mentioned petition and order. No one named in the order to show cause appeared to oppose; but the Cleveland Boiler Plate Company, another creditor of Buchanan, on showing to the court that it had, on the 30th day of March, 1874, pending the proceedings last aforesaid, filed its intervening petition under the said last

---

[1] [Reprinted by permission.]

clause of section 42, asked and was granted leave to appear and oppose the said petition for a discontinuance, and its answer was filed accordingly on the 9th day of the same month.

The answer of the Cleveland Boiler Plate Company admits the proceedings had, substantially as hereinbefore stated, and sets up and alleges the following additional facts, which last named facts are in no manner denied or disputed, viz.: That on the 20th day of November, 1873 (seventeen days after issue was joined on the original petition), a judgment was rendered in the superior court of the city of Detroit in favor of the said original petitioning creditors and against the alleged bankrupt for one thousand one hundred and thirty-three dollars and thirty-four cents, and an execution issued thereon and levied immediately upon the property of the said alleged bankrupt; and that a number of other judgments had been obtained against the said alleged bankrupt in favor of other creditors, some before and some since the said original petition was filed. In view of this state of facts it is not at all surprising that the original petitioning creditor, after having occupied an attitude of prosecuting the bankruptcy proceedings long enough to secure a preference over other creditors, by means of a judgment and levy, should now desire to get rid of those proceedings and thus prevent the other creditors from depriving him of the preference so obtained. A result so repugnant to the spirit and intent of the bankrupt law, the court will certainly not permit if it has any jurisdiction in the premises to prevent it.

It is contended, however, by counsel for the original petitioning creditor, that the court has no remaining jurisdiction of the proceedings, because: I. The proceedings abated for want of a formal adjournment to a day certain, at the time of joining issue. II. If not, then the proceedings were discontinued by the petitioning creditor by its precipe for discontinuance filed with the clerk on the 17th day of February, 1874. III. That neither the petition of Prentiss, Wood & Co., filed December 4th, 1873, nor that of the Cleveland Boiler Plate Company, filed March 30th, 1874, were of any force or effect whatever as intervening petitions under the last clause of section 42 of the bankrupt act, because not filed on "the return day, or adjourned day," within the meaning of that provision. IV. That the intervening petition of Prentiss, Wood & Co., although filed before any proceedings were taken to discontinue the original petition, is no impediment, because they have not appeared to oppose; and that the Cleveland Boiler Plate Company are not entitled to appear in opposition because its intervening petition was not filed until after this proceeding for a discontinuance had been instituted.

First. In a case where a petitioning cred-itor for adjudication of bankruptcy fails to appear on the return day or adjourned day, there is much force in the position that the proceedings are thereby at an end for want of prosecution, unless some other creditor steps in on the same day and takes up and prosecutes the proceedings as provided in section 42 of the act; and it has been so held by the district court of Rhode Island. In re Olmsted [Case No. 10,505.] But such is not the case here. In the present case, the petitioning creditor did appear on the adjourned day, and the point here made is, not that there was any default on its part for want of appearance, but simply that there was a failure to either proceed to a hearing or to obtain an adjournment to a day certain, on that day. It is true, section 41 of the act provides for adjournments "from time to time," but such adjournments are necessary only when it is desired to fix some day certain for the hearing or trial of the matter, and within which time it cannot be brought on. When, however, as in the present case, the petitioning creditor appears at the proper time and assumes an attitude of prosecuting the proceedings, and the debtor also appears and joins issue and makes no demand for a trial by jury, and neither party asks for or obtains an adjournment, the matter simply lies along from day to day to be called up and disposed of at any time. Formal adjournments from day to day are no more necessary in order to keep the matter alive in this than in other cases; and that such adjournments are not necessary in other cases is well settled. The better practice, no doubt, is to obtain an adjournment to a day certain when the parties are not ready to proceed at the time of joining issue; but the want of such adjournment certainly does not terminate the proceedings. The petitioning creditor's first point is therefore not tenable.

Second. I think the better opinion is that proceedings for adjudication of bankruptcy, in invitum, can be discontinued only by an order of court on special application, especially so where, as in the present case, the matter has been allowed to lie along from day to day for a considerable length of time. In the present case, too, an intervening petition had been filed before any proceedings for a discontinuance were had. In fact, the present petition for leave to discontinue was filed because the court refused to allow a discontinuance to be entered upon the precipe for a discontinuance filed February 17th, 1874, without notice to the then intervening creditor. The petitioning creditor's second point is, therefore, also untenable.

Third. As we have already seen, where the parties appear on the return day, or adjourned day, and join issue, and no further proceedings or adjournment is had, the matter is to be considered as pending from day to day until disposed of. In such case each

subsequent day is an adjourned day to all, or nearly all, intents and purposes. Hence it follows that any other creditor may come in under section 42 upon any such subsequent day; and in such case may be permitted to prosecute the original petition upon satisfying the court that the original petitioning creditor does not intend to prosecute the matter further; and a pending application of such creditor to discontinue the proceedings is certainly sufficient evidence in that regard. A failure to proceed confers upon another creditor the right to intervene equally with a failure to appear. The petitioning creditor's third point is, therefore, also untenable

Fourth. The pendency of the petition for leave to discontinue the proceedings, instead of depriving the Cleveland Boiler Plate Company, or any other creditor, of the right to intervene, was notice to it and all other creditors that the original petitioning creditor did not intend to proceed further in the matter, and thus conferring upon them the very right which it is claimed they were thereby deprived of. It was in this view of the matter that the court allowed the Cleveland Boiler Plate Company to appear and oppose the petition for leave to discontinue. The petitioning creditor's fourth point is, therefore, also untenable. The cases to which the attention of the court was called by counsel for the original petitioning creditor—In re Rolling Mill Co. [Case No. 2,338] and In re Olmsted [Id. 10,505]—are not in point in the present case. In the first-named case, upon issue being joined, there was an adjournment to a day certain, and a failure to appear on that day; and in addition to that there had been an order entered discontinuing the proceedings, both of which events had transpired before the intervening petition was filed; and the court held, and no doubt correctly, that the intervening petition came too late. And so also in the case of Olmsted, where there was no issue joined, the petitioning creditor failed to appear on an adjourned day, and the intervening petition was filed afterwards, and was held too late.

It results that the petition for leave to discontinue the proceedings must be denied, and the matter must proceed to a hearing upon the original petition. The debtor, however, having filed his consent in writing that an adjudication of bankruptcy may pass against him upon the said petition, no formal hearing upon the issue joined is necessary. An adjudication will nevertheless be deferred ten days to allow the original petitioning creditor itself to proceed upon its petition, or take such other steps as it may be advised; and to that end the proceedings must be adjourned to the 21st day of May, 1874, at 9 o'clock in the forenoon, unless the said original petitioning creditor shall elect to have an adjudication pass at once.